IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GEORGE BERNARD GARNER,                }
                                      }
    Plaintiff,                        }
                                      }       CIVIL ACTION NO.
v.                                    }
                                      }       CV-00-AR-2138-S
WILLIAM J. HENDERSON,                 }
POSTMASTER GENERAL,                   }
                                      }
    Defendant.                        }

**ENTERED**

**MAY 31 2001**

**MEMORANDUM OPINION**

Defendant, William J. Henderson ("Henderson"), who is sued in his capacity as Postmaster General, has filed a motion for summary judgment seeking the dismissal of the above-entitled action brought by plaintiff, George Bernard Garner ("Garner"), under 42 U.S.C. §2000e-16(c).

Garner initially complained of a "hostile work environment" and that he was provided "different [less advantageous] terms and conditions" of employment, but because he did not timely file his action with regard to these particular claims he has now abandoned them. Thus, Henderson is entitled to summary judgment on these two claims. This leaves only Garner's claim of a retaliatory denial of overtime as the alleged proximate result of his exercise of statutorily protected expression.

Although Henderson suggests, and supports with meritorious argument, that Garner's claim of retaliation falls short in several respects, the court focuses on only one of Henderson's absolute



defenses. The court is satisfied that Henderson's articulated legitimate, non-discriminatory reasons for not giving Garner as much overtime as Garner would have liked, has not successfully been rebutted by Garner. Simply quarreling with defendant's reasons is not enough. See *Chapman v. A.I. Transport*, 229 F.3d 1012, (11th Cir. 2000). Not giving an employee the overtime he would like may or may not constitute an adverse employment action upon which a Title VII claim can be based. It is a matter for legitimate debate upon which Henderson probably is correct, but assuming *arguendo* that the employer here granted the employee less overtime than the employer gave other similarly situated employees (an allegation as to which Garner offers little, if any, proof), the employer here has clearly proffered legitimate, non-discriminatory reasons for the overtime awards as to which there is no evidence of pretext.

An appropriate order granted defendant's motion for summary judgment will be entered.

DONE this 31st day of May, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE